# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERDELL M. LAWSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TINA HORNBEAK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-001835-OWW-GSA PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(DOC. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Verdell M. Lawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 17, 2007. For the reasons stated below, Plaintiff is ordered to file an amended complaint or to notify the Court of her willingness to proceed only on the claims found to be cognizable in this order within thirty days.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A9(b)(1), (2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal...fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A., 534 U,S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Swierkiewicz, 534 U.S. at 12. However, "the liberal pleading standard...applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff alleges that she has been subject to constant verbal harassment and threats, including racial slurs, from Defendant Mary Perryman, Medical Technical Assistant, starting October 10, 2006. On October 10, Defendant Perryman told Plaintiff to leave the medical clinic while she was there, called her "bitch" several times and threatened to have her placed in administrative segregation. Compl. part. IV. p.3.[1] Plaintiff filed a 602, an inmate appeal, regarding the incident, and Defendant Perryman became even more aggressive towards Plaintiff. Defendant Perryman called Plaintiff "black bitch" several times. Compl. part. IV. p.4. Plaintiff alleges that she has forgone receiving her medication and breathing treatments from the medical clinic on some occasions to avoid Defendant Perryman.

On November 17, Plaintiff saw Dr. Sy, a psychologist, regarding issues that Plaintiff was having being called "black bitch" by Defendant Perryman. Compl. part. IV. p.4. While Plaintiff was

---

[1] Page numbers refer to court document pages.

2

talking to Dr. Sy, Defendant Perryman waited in the hallway, and as soon as Plaintiff walked out of the doctor's office, Defendant Perryman rushed into Dr. Sy's office and asked the psychologist whether Plaintiff had done anything to him. Plaintiff filed a 602 regarding Defendant Perryman's behavior on November 17, but Defendant Perryman only increased her threats and name calling towards Plaintiff.

Defendant Perryman would come up and stand so close to Plaintiff that she feared for her physical safety, and Defendant Perryman would also threaten to hit the alarm and tell other correctional officers that Plaintiff had threatened her.

Plaintiff alleges that the constant verbal abuse and threats from Defendant Perryman triggered schizoaffective disorder. Plaintiff has a history of mental abuse, and has been emotionally traumatized by Defendant Perryman's verbal abuse and threats. Plaintiff seeks damages from Defendant Tina Hornbeak, Warden at Valley State Prison for Women, and Defendant Perryman.

**B.     Eighth Amendment**

**1.     Conditions of Confinement**

Plaintiff alleges that Defendant Perryman's constant harassment is a constitutional violation. Mere verbal harassment or abuse, including the use of racial epithets, does not generally violate the Constitution, unless it was "calculated to and did cause [the prisoner] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. Or. 1996) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), amended by 135 F.3d 1318 (9th Cir. 1998). Plaintiff alleges that Defendant Perryman's constant verbal threats and harassment intended to intimidate and humiliate Plaintiff. Defendant Perryman sought to intimidate her from seeking any medical care, including psychiatric care, and tried to indirectly threatened her physical safety. Plaintiff alleges she suffers emotional trauma from Defendant Perryman's conduct towards her. Plaintiff alleges she developed schizoaffective disorder as a result of Defendant Perryman's abuse. Plaintiff sufficiently alleges an Eighth Amendment claim for constant verbal threats and harassment causing psychological damage against Defendant Perryman.

Plaintiff also names Warden Tina Hornbeak as a defendant but fails to allege any facts to link Defendant Hornbeak to any alleged violation of Plaintiff's constitutional rights. Under section 1983,

1 Plaintiff is required to show that Defendant Hornbeak (1) acted under color of state law, and (2)
2 committed conduct which deprived Plaintiff of a federal right " Long v. County of Los Angeles, 442
3 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that
4 person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act
5 which [that person] is legally required to do that causes the deprivation of which complaint is
6 made.'" Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "[T]he 'requisite causal connection
7 can be established not only by some kind of direct, personal participation in the deprivation, but also
8 by setting in motion a series of acts by others which the actor knows or reasonably should know
9 would cause others to inflict the constitutional injury.'" Id. at 743-44. Plaintiff fails to allege any
10 facts showing that Defendant Hornbeak's personal conduct led to a deprivation of her constitutional
11 rights, and thus fails to state a cognizable claim against Defendant Hornbeak.

**2.     Medical Care**

13    Although Plaintiff does not specifically allege a medical care claim, the Court will discuss
14 medical care because construed liberally, Plaintiff's complaint states a claim for inadequate medical
15 care. To state a claim for denial of constitutionally adequate medical care, a plaintiff must allege
16 facts to support that he has or had a serious medical need and that a particular defendant acted with
17 deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "[T]o
18 maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show
19 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
20 2006) (quoting Estelle v. Gamble, 429 U.S. at 106). The two part test for deliberate indifference
21 requires the plaintiff to show (1) "a serious medical need' by demonstrating that 'failure to treat a
22 prisoner's condition could result in further significant injury or the unnecessary and wanton infliction
23 of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d
24 at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
25 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal
26 quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to
27 a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing
28 McGuckin, 974 F.2d at 1060).

Plaintiff alleges that Defendant Perryman threatened her and tried to scare her away from the medical clinic. Plaintiff alleges that Defendant Perryman even harassed her at an appointment with a psychologist, interrupted the meeting, and tried to prevent her from seeking medical care. Plaintiff avoided going to the medical clinic for her medications and breathing treatments to avoid Defendant Perryman. Plaintiff alleges sufficient facts at the pleading stage to state an Eighth Amendment claim for inadequate medical care against Defendant Perryman.

### C. Retaliation

An allegation of retaliation against a prisoner's First Amendment right is sufficient to support a claim under § 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Plaintiff alleges that Defendant Perryman increased the level of threats and verbal harassment against her after she filed inmate grievances against Defendant Perryman. Defendant Perryman also sought to scare Plaintiff away from receiving medical care and caused Plaintiff to miss her medication and breathing treatments. Plaintiff states sufficient facts to state a retaliation claim against Defendant Perryman.

### III. Conclusion and Order

Plaintiff's complaint states a cognizable Eighth Amendment claim and a retaliation claim against Defendant Perryman. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

///

5

amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, her amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff has named a Doe Defendant in the complaint. The United States Marshal cannot serve a Doe Defendant. Therefore, Plaintiff will have to identify him or her with enough information in the amended complaint to locate the defendant for service of process before the U.S. Marshal can serve the Doe Defendant.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.       Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

       a.       File an amended complaint curing the deficiencies identified by the Court in this order, or

6

   b. Notify the Court in writing that she does not wish to file an amended complaint and wishes to proceed only on an Eighth Amendment claim and a retaliation claim against Defendant Perryman;

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **August 6, 2009**      **/s/ Gary S. Austin**
                  UNITED STATES MAGISTRATE JUDGE