1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   VERDELL LAWSON,                          1:07-cv-01835-OWW-GSA (PC)

12            Plaintiff,                       FINDINGS AND RECOMMENDATION
                                               TO DISMISS CASE FOR PLAINTIFF'S
13       vs.                                   FAILURE TO PROSECUTE

14   TINA HORNBEAK, et al.,                    OBJECTIONS, IF ANY, DUE IN 30 DAYS

15            Defendants.

16   _____/

17              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

18   rights action pursuant to 42 U.S.C. § 1983.

19                                       **FINDINGS**

20              On August 6, 2009, the court issued an Order requiring plaintiff to either file an

21   amended complaint or notify the court of her willingness to proceed only on the claims found to

22   be cognizable, and served the order on plaintiff.  On August 14, 2009, the order served on

23   plaintiff was returned by the U.S. Postal Service as undeliverable.  A notation on the envelope

24   indicated that plaintiff is "not at this location."  Plaintiff has not notified the court of any

25   change in her address.  Absent such notice, service at a party's prior address is fully effective.

26   Local Rule 83-182(f).

27   ///

28   ///

                                              -1-

1      Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to

2  keep the court apprised of his or her current address at all times.  Local Rule 83-183(b)

3  provides, in pertinent part:

4              If mail directed to a plaintiff in propria persona by the Clerk is
            returned by the U.S. Postal Service, and if such plaintiff fails to
5            notify the Court and opposing parties within sixty (60) days
            thereafter of a current address, the Court may dismiss the action
6            without prejudice for failure to prosecute.

7  In the instant case, more than sixty days have passed since plaintiff's mail was returned, and she

8  has not notified the court of a current address.

9       In determining whether to dismiss an action for lack of prosecution, the court must

10  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

11  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

12  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

13  sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

14  1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

15  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

16  case has been pending for nearly two years.  The court cannot hold this case in abeyance

17  indefinitely based on plaintiff's failure to notify the court of her address.  The third factor, risk

18  of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury

19  arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

20  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition

21  of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed

22  herein.  Finally, given the court's inability to communicate with plaintiff based on plaintiff's

23  failure to keep the court apprised of her current address, no lesser sanction is feasible.

24                                **RECOMMENDATION**

25       Based on the foregoing, the court HEREBY RECOMMENDS that:

26       1.      This action be DISMISSED without prejudice for plaintiff's failure to prosecute;

27               and

28       2.      The Clerk of Court be DIRECTED to close this action.

1   These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3   thirty days after being served with these findings and recommendations, plaintiff may file

4   written objections with the court and serve a copy on all parties.  Such a document should be

5   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

6   objections shall be served and filed within ten days after service of the objections.  Plaintiff is

7   advised that failure to file objections within the specified time may waive the right to appeal the

8   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10      IT IS SO ORDERED.

11      **Dated:    November 5, 2009**                    _/s/ **Gary S. Austin**_
                                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28